Keith W. Heard (KH-8578)
Michael J. Walsh (MW-6578)
Burke & Parsons
100 Park Avenue
New York NY 10017-5533
(212) 354-3800



08 CV 00175

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIGMA TANKERS INC.,<br><br>                Plaintiff,<br><br>-against-<br><br>TRAFIGURA BEHEER B.V.,<br><br>                Defendant. | VERIFIED COMPLAINT |

    Plaintiff, SIGMA TANKERS INC. (hereinafter "Plaintiff"), by its attorneys Burke & Parsons, as and for its Verified Complaint against Defendant, TRAFIGURA BEHEER B.V. (hereinafter "Defendant"), alleges upon information and belief as follows:

    1.   This action involves a claim for the breach of a maritime contract, which is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This action also arises under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

**THE PARTIES**

    2.   At the time of the events related to the charter party and the voyage at issue, Sigma Tankers Inc. was a foreign corporation organized and existing under and by virtue of the laws of Liberia with an office and place of business c/o Heidmar Inc., 20 Glover Avenue, Norwalk, CT 06850.

    3.   At all times relevant hereto, defendant Trafigura Beheer b.v., was and still is a foreign corporation organized and existing under and by virtue of the laws of a foreign country with an office and place of business at Gustav Mahlerplein 102, 1082 MA, Amsterdam, The Netherlands.

## THE DISPUTE

4. At all times relevant hereto, plaintiff was and still is the disponent owner of the tank vessel M/V PRIMO STEALTH (hereinafter the "Vessel").

5. Pursuant to a voyage charter party dated May 7, 2005, plaintiff agreed to let and defendant agreed to charter the Vessel to transport a cargo of gasoil from one or two safe ports on the West Coast of India to one or two safe ports in a variety of discharge locations. The charter party was based on the BEEPEEVOY 3 form, as amended, and consisted of a Fixture Recap plus certain Trafigura Chartering Clauses, as amended.

6. Pursuant to the charter party, the Vessel transported the designated cargo from Sikka, India to Sao Luis, Brazil, where the cargo was discharged in June and July of 2005.

7. The charter party required Charterer (i.e., defendant) to pay demurrage for the use of the Vessel at the rate of $35,000.00 per day, or *pro rata* for part of a day. Total laytime allowed under the charter party was 84 hours.

8. Total time used by Charterer at the two ports came to 25 days, 7 hours and 36 minutes. Subtracting the agreed laytime left 21 days, 19 hours and 36 minutes as time on demurrage, which amounted to $763,583.33.

9. Pursuant to the charter party, on July 6, 2005 Plaintiff issued its Demurrage Invoice to Defendant in the amount of $763,583.33.

10. Despite the contractual obligation described in paragraph 7 above, a dispute has arisen between the parties due to Defendant's failure to pay the demurrage due and owing under the charter party.

11. Pursuant to the Fixture Recap as well as Clause 10 of the Trafigura Chartering Clauses, both of which formed part of the contract, all disputes arising under the charter are to be submitted to arbitration in London and are to be governed by English law.

12. Plaintiff has commenced arbitration against Defendant in accordance with the terms of the charter. Arbitrators have been appointed and Plaintiff has submitted its claim for demurrage in the amount of $763,583.33 plus interest and "costs", as defined in London arbitration, which includes attorneys' fees, to the arbitrators.

## AMOUNT FOR WHICH ATTACHMENT SOUGHT

13. In addition to an attachment in the full principal amount of the claim as outlined in Paragraphs 8 and 9 above, Plaintiff also seeks an attachment over an additional sum to cover estimated interest through date of the arbitration award as well as its anticipated attorneys' fees and costs, all of which are routinely recoverable under English law in London arbitration. (*See Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 265 (2d Cir. 2002), where the attachment that the Court of Appeals reinstated covered "an amount that includes interest and anticipated attorneys' and arbitrators' fees.")

14. Plaintiff estimates, as nearly as can be computed presently, these additional damages and costs for arbitrating its demurrage claim to be $436,959.52, consisting of interest in the sum of $186,959.52 (computed on the total principal amount sought on a compound basis through the end of next year – the estimated time frame within which arbitration is expected to be completed), and $250,000.00 in estimated counsel fees, costs, and arbitrators' fees, which will be incurred in conjunction with the London arbitration and which are recoverable there.

## THE ATTACHMENT

15. Based upon the foregoing, therefore, the total sum sought to be attached is $1,200,542.85.

16. For its part, Plaintiff has satisfied and performed all of its obligations to date under the terms of the charter.

17. Upon information and belief, and after investigation, Plaintiff has determined that the Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but upon information and belief Defendant has, or will have during the pendency of this action, assets within this District comprising, *inter alia*, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of the Defendant (hereinafter "Assets"), moving through garnishee banking institutions including but not limited to ABN Amro; American Express Bank; Bank of America NA; Bank of New York; Citibank; Deutsche Bank AG; HSBC Bank USA NA; JP Morgan Chase Bank; Standard Chartered Bank; UBS AG and/or Wachovia Bank.

18. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by or in the custody or temporary possession of the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant and to secure Plaintiff's claims as described above.

WHEREFORE, Plaintiff prays:

a. That process in due form of law according to the usual practice of this Court may issue against Defendant citing it to appear and answer the foregoing, and failing such appearance and answer, to have judgment by default against the Defendant in the principal amount of the claim plus interest, costs and attorneys' fees;

b. That since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching and restraining all Assets of Defendant in an amount up to and including the sum of $1,200,542.85 including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant including, but not limited to such Assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of the aforesaid banking institutions including but not limited to ABN Amro; American Express Bank; Bank of America NA; Bank of New York; Citibank; Deutsche Bank AG; HSBC Bank USA NA; JP Morgan Chase Bank; Standard Chartered Bank; UBS AG and/or Wachovia Bank and/or any other garnishee(s) upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served;

c. That an Order be entered directing Defendant to proceed to London arbitration for the adjudication of the merits of the claims;

- 5 -

d. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary in order to give effect to the aforesaid London arbitration; and

e. For such other and further or different relief as this Court may deem just and proper in the premises.

Dated:   New York, NY
         January 9, 2008

                            BURKE & PARSONS
                            Attorneys for Plaintiff
                            SIGMA TANKERS INC.

                            By _____
                                Keith W. Heard (KH-8578)
                                100 Park Avenue
                                New York NY  10017-5533
                                (212) 354-3800

## VERIFICATION

STATE OF NEW YORK    )

COUNTY OF NEW YORK    )

Keith W. Heard, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Burke & Parsons, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. This Verification has been made by deponent and not by Plaintiff because Plaintiff is a foreign corporation, and has no officers or directors within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Keith W. Heard

Sworn to before me this
9th day of January, 2008

_____
Notary Public

WILLIAM F. DOUGHERTY
Notary Public, State of New York
No. 02DO6121747, Qual. in Rockland County
Certificate Filed in New York County
Commission Expires January 24, 2009

O:\CM\9032_STI\BP_Doc\Draft Complaint.doc